**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CITY OF COLUMBUS,**

     **Plaintiff,**

 vs.            Civil Action 2:07-CV-287
                Judge Holschuh
                Magistrate Judge King

**HARRIET MANN,** *et al.***,**

     **Defendants.**

## ORDER

  Yvonne Webb-Lewis and Sidney L. Lewis, two of four individual defendants named in an action originally filed in the Franklin County Municipal Court, see *Verified Complaint*, attached to *Motion to Dismiss*, Doc. No. 3, filed a notice of removal of that action to this Court, seeking leave to do so without prepayment of fees or costs.

  However, the removing parties have never submitted financial information from which this Court could determine for itself whether these parties can be expected to pay the filing fee.  *See Order*, Doc. No. 2.  Accordingly, the application for leave to proceed *in forma pauperis*, Doc. No. 1, is **DENIED**.

  Moreover, the removal of this action was deficient in a number of respects, and the plaintiff City of Columbus has filed a motion to dismiss this action, which the Court receives as a motion to remand under 28 U.S.C. §1447.  For the following reasons, the Court concludes that the action must be remanded.

  Federal courts use the "well-pleaded complaint" rule to determine whether an action has been properly removed as one arising under federal law.  That rule provides that " federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. " *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). "[T]he party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913). "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir.1994).  Furthermore,  "a case may not be removed to federal court on the basis of a federal defense even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. 393 *(*citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 12 (1983)).

This action was originally filed against a number of defendants in the Franklin County Municipal Court by the City of Columbus, seeking injunctive relief for claimed violations of the city's housing codes. The removal papers allege that the proceedings violate the rights to due process enjoyed by the removing parties. That defense, however, is insufficient to warrant removal of the action to this Court because no federal question is presented on the face of the complaint.

Furthermore, the removal failed to conform to the "rule of unanimity." This rule of unanimity demands that all defendants join in a petition to remove a state case to federal court. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n.3 (6th Cir. 1999)( "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." ). Failure to obtain unanimous consent forecloses the opportunity for removal under 28 U.S.C. §1446. *Loftis v. United Parcel Service, Inc.,* 342 F.3d 509, 516 (6th Cir. 2003). Only two of the four individual defendants named in the original complaint joined in the removal of the action to this Court. On this basis alone, the removal was deficient.

Accordingly, the motion to dismiss, Doc. No. 3, which the Court receives as a motion to remand under 28 U.S.C. §1447, is **GRANTED.**

This action is hereby **ORDERED REMANDED** to the Franklin County Municipal Court.

Date: June 19, 2007                                  **/s/ John D. Holschuh**
                                                     John D. Holschuh, Judge
                                                     United States District Court